**Louise L. HOLSTINE, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, Defendant.**

**Civ. A. No. 7214.**

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 22, 1972.

Harold Plessala, Lamson & Plessala, Port Arthur, Tex., Michael D. Matheny, Goodwin & Matheny, Beaumont, Tex., for plaintiff.

David J. Kreager, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, Chief Judge.

The facts and principles applicable to the instant case are recognized by all parties; yet, reconciling these facts and concepts into legal realities has proven a most delicate task. Plaintiff, beneficiary under an insurance policy issued by Defendant company, sues because Defendant refused to pay $50,000.00 in accidental death benefits.[1] Defendant bases his refusal to pay on terms of the policy which limit recovery to situations in which due proof is furnished that the insured died as a result of an accidental injury, directly and independently of all other causes.[2] The policy was originally issued by Defendant insurer as a group life policy to Gulf Oil Corporation, insuring those employees of Gulf Oil Corporation who voluntarily subscribed to its benefits.[3]

Afflicted with lymphsoma, a disease of the bone marrow which reduced the number of white blood corpuscles in his blood, the insured stuck a pencil point in his hand on October 16, 1969, while working for Gulf Oil Corporation. Subsequently, he was hospitalized on October 17 and treated with antibiotics for the infection. The inflammation improved, therefore permitting the insured to return home. On October 23, the insured was readmitted to the hospital with complaints of shaking, chills, fever, and sore throat; moreover, a new infection of the anus was noted by the treating physician. Blood cultures were taken and it was later determined that the insured was infected with bacteria called E. Coli and Serratia. In the meantime, the insured succumbed to the infection of Serratia and died on October 28, 1969. The Serratia bacteria were not affected by the antibiotics with which the insured had been treated during his initial hospitalization.

Medical testimony has been elicited which supports two theories. Plaintiff would have this Court find that the insured died solely from a pyogenic infection, caused by a pencil puncture of the hand. In other words, Plaintiff has endeavored to create the impression that the bacteria which proved fatal to the insured entered the body via the puncture in the hand; moreover, Plaintiff's medical expert would suggest that the second infection, one of the anus, was caused by the same bacteria which entered the body through the pencil puncture. On the contrary, Defendant would have this Court find only that the insured's death was immediately caused by a bacterial infection and that the contributing cause of death was the lymphsoma which prevented the production of granulocytes to fight the infection. Defendant's medical expert believed that the infection of the hand and the anus were of different origins because E. Coli and Serratia were not found in the blood cultures taken during the first hospitalization and because they are more commonly found in feces, entering the body locally in that area. In other words, the only connection between the first infection and the second infection would be that the first infection reduced the ability of the insured to fight the second so soon.

---

1. Defendant has tendered and paid other benefits under the policy which were termed strictly death benefits. Only the accidental death benefits are challenged.

2. The policy provided for accidental benefits "upon receipt by the company of due proof" that the insured "has received an accidental bodily injury, and as a result of the injury, directly and independently of all other causes," has died "and that the loss suffered" . . . "did not result from any of the risks excepted". "Risks excepted. The insurance provided by this policy does not cover, and no payment will be made for, any loss which results directly or indirectly from infection, (except pyogenic infections which occur through an accidental cut or wound) or disease, whether the infection or disease is the proximate or a contributing cause of the loss."

3. The insured died when the policy was in full force and effect, and the parties have agreed that the provisions of the policy have been met and inure to the benefits of Gulf Oil Corporation.

Medical experts, buttressed by clinical reports, cannot determine with exactitude where the offending bacteria entered the insured's body. Neither can this Court. It is sufficient, however, that all medical witnesses have acknowledged that the insured probably would not have died if he had not been afflicted with a disease of the bone marrow that reduced his white corpuscles and therefore made him so susceptible to the infection.[4]

 In his argument before the Court, Plaintiff relied on the concurring opinion in Mutual Benefit Health & Accident Ass'n v. Hudman, 398 S.W.2d 110 (Tex. 1965) to establish a distinction between "causes" of death and "conditions" present at the time of death. Admittedly, the Court believes that there are certain conditions which make some insured parties more susceptible to certain illnesses than others. Mere conditions should not prevent recoveries on policies phrased in similar language as the instant policy; however, Plaintiff would have this Court read too much into the *Hudman* decision. The Texas Supreme Court did not loosely categorize causes and conditions in interpreting the insurance policy before them. Rather, *Hudman* established its distinction in the following manner: "recovery is not defeated when a preexisting condition or disorder is so remote in the scale of causation, so dormant and insubstantial, or so temporary and transient that it does not materially contribute to the death or injury." 398 S.W.2d 114. In other words, an insured may have a pre-existing disorder or condition and still recover if at the time the accidental injury is received, the injury is severe enough to cause the entire damage and death. Such simply has not been proven in the instant case. As beneficiary, the Plain-

tiff has the burden to prove by a preponderance of the evidence that the cause of the insured's death resulted from bodily injuries accidental in nature and directly and independently of all other causes. Prudential Insurance Co. of America v. Schroeder, 414 F.2d 1316 (5th Cir. 1969), cert. denied 396 U.S. 1058, 90 S.Ct. 751, 24 L.Ed.2d 752 (1970). The evidence elicited herein indicates that the insured died from two concurring causes, the immediate cause being the infection and the indirect cause being the lymphsoma.

Final Judgment shall be entered in accordance herewith.

---

4. Plaintiff's medical doctor had great difficulty in testifying that the pencil puncture with the subsequent infection was the sole cause of the insured's death; in fact, he admitted that he used the term in the sense that the pre-existing disease did not cause the death of itself. On cross examination, Plaintiff's witness acknowledged that in all reasonable medical probability the insured would not have died from a bacterial infection except for the fact that his bone marrow did not produce enough blood corpuscles to fight the infection.